**CHUNAI JIN, Petitioner,**

v.

**Loretta E. LYNCH, Attorney General, Respondent.**

No. 14–73228

United States Court of Appeals, Ninth Circuit.

Submitted June 14, 2016 *

FILED June 22, 2016

Daniel Fong, Fong Law Group, Inc., Monterey Park, CA, for Petitioner.

Jennifer A. Bowen, Trial Attorney, OIL, Anthony Cardozo Payne, Senior Litigation Counsel, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEA, WATFORD, and FRIEDLAND, Circuit Judges.

MEMORANDUM **

Chunai Jin, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order dismissing her appeal from an immigration judge's decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010), and we deny the petition for review.

Among other things, the agency found Jin not credible based on inconsistencies within her testimony as to when she hid North Korean refugees and, relatedly, when the Communist Party denied her husband membership in the party. The agency also found Jin not credible based on an inconsistency between her testimony and documentary evidence as to whether she was arrested in China. Substantial evidence supports the agency's adverse credibility determination based on these findings. *See id.* at 1048 (adverse credibility determination was reasonable under the "totality of the circumstances"). Jin's explanations do not compel a contrary result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, Jin's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Jin's CAT claim also fails because it is based on the same testimony the agency found not credible, and Jin does not point to any evidence that compels the conclusion that it is more likely than not she would be tortured if returned to China. *See id.* at 1156–57.

**PETITION FOR REVIEW DENIED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.